**Stepp & Sullivan, P.C.**
*A Professional Corporation*
*Attorneys at Law*

1010 Lamar, Suite 810
Houston, Texas 77002

Telephone 713/336-7200
Facsimile 713/336-7250
Web Site: www.ss-pc.com

Dennis J. Sullivan
Shareholder
dsullivan@ss-pc.com

June 26, 2006

*Via E-File*
Mr. Michael Milby
United States District Clerk
Galveston Division
601 Rosenberg Street, Room 411
Galveston, Texas 77550

RE: C.A. G05651; *Timothy James Poole vs. Kirby Inland Marine, LP and Kirby Corporation*; In the United States District Court for the Southern District of Texas, Galveston Division

Dear Mr. Milby:

Enclosed for filing in the above-referenced matter is:

1. Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Summary Judgment.

Thank you for your attention to this matter.

Best regards.

Very truly yours,

STEPP & SULLIVAN, P.C.

Dennis J. Sullivan

DJS/jw
Enclosures

Mr. Michael Milby
United States District Clerk
June 26, 2006
Page 2

cc:

*Via E-mail bristolbaxley@sbcglobal.net*
*And Via Facsimile: (281) 993-0035*
Mr. Bristol Baxley
Rome, Arata & Baxley, L.L.C.
1506 E. Broadway, Suite 103
Pearland, Texas 77581

*Via E-mail frank@spaglaw.com*
*And Via Facsimile: (713) 653-5656*
Mr. Francis I. Spagnoletti
Mr. Michael Hogue
Spagnoletti & Co.
1600 Smith, 45th Floor
Houston, Texas 77002

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES POOLE | § | |
| | § | |
| VS. | § | C.A. NO. G05651 |
| | § | |
| KIRBY INLAND MARINE, LP and | § | Pursuant to Rule 9(h) of |
| KIRBY CORPORATION | § | the Federal Rules of |
| | § | Civil Procedure – AD |

**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Defendants Kirby Corporation and Kirby Inland Marine, LP (hereinafter "Kirby" unless otherwise specified) and file the following in reply to Plaintiff's opposition to the Motion for Summary Judgment regarding Mr. Poole's status as Jones Act seaman and his entitlement to benefits thereunder.

**I.
PLAINTIFF HAS FAILED TO MEET HIS BURDEN**

Plaintiff has failed to meet his burden that he is a seaman under the Jones Act and therefore entitled to the benefits thereunder. In overcoming a summary judgment, the nonmoving party must "go beyond the pleadings and by [his or] her own affidavits, or by the 'depositions, answers to interrogatories, and admission on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Co. v. Catrett*, 477 U.S. 317, 324 (1985); *Auguster v. Vermillion Parish School Board*, 249 F.3d 400, 402 (5th Cir. 2001). The mere existence of a scintilla of evidence on the non-moving party's position is insufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 252 (1986).

Plaintiff's only purported evidence submitted in opposition to the summary judgment motion was a copy of his Merchant Marine card, ownership information of the Kirby barge, a general job description and his log book and time sheets. None of this creates a genuine issue of fact for trial. Furthermore, the best case that Plaintiff could cite which indicated that a tankerman could be classified as a seaman under the Jones Act was from a decision by a Magistrate Judge in the Ninth Circuit. Defendants do not deny that some tankermen can be seaman, but Mr. Poole was not.

## II.
## PLAINTIFF QUALIFIES FOR BENEFITS UNDER THE LHWCA

There is no genuine issue of material fact here. The issue and facts are very clear cut. Plaintiff admits that his duties as a tankerman were to load and unload cargo from docked barges. This Court need go no further than the Longshore and Harbor Workers' compensation Act (LHWCA) to find that by definition Mr. Poole is a person entitled to benefits thereunder. As he is entitled to benefits under the LHWCA, he cannot be a seaman under the Jones Act. The acts are mutually exclusive. Under the LHWCA, the exclusivity provision states in part that the liability of the employer "shall be exclusive and in place of all other liability of such employer to the employee..." *Id.* citing 33 U.S.C. § 905(a).

Section 33 USCS 902 provides the definitions under the LHWCA. An employee is defined as a "person engaged in maritime employment, including any longshoreman or other person engaged in longshoring operations, and any harbor-worker including a ship repairman, shipbuilder, and ship-breaker..." 33 USCS 902(3). By definition the Act does not cover a master or member of a crew of any vessel. 33 USCS 902(3)(g). An employer is defined as anyone whose "employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal,

building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)." 33 USCS 902(4). The situs in order to invoke the LHWCA is found at 33 USCS 903(a) and covers those who are disabled as a result of injury occurring on navigable water including those areas abutting navigable water used for loading and unloading.

Fact: Mr. Poole was a tankerman.

Fact: Mr. Poole's primary duties were to load and off load docked barges.

Fact: Mr. Poole was engaged in maritime employment at the time of the accident.

Fact: The incident occurred on navigable water.

Fact: Mr. Poole was never a member of a crew of any vessel.

Fact: Mr. Poole was employed by Kirby Inland Marine.

Fact: Kirby Inland Marine's shore tankerman are employed in part upon navigable waters of the United States.

Fact: The docks and docked barges are customarily used by Kirby Inland Marine for loading and unloading cargo, more specifically, chemicals.

The above-facts are all undisputed and lead to one conclusion, Mr. Poole is by definition a longshoreman under the LHWCA. Mr. Poole's suggestion in his opposition that Kirby arbitrarily draws lines between shore tankerman and boat tankerman is completely unfounded. These distinctions are based upon the Kirby affidavits submitted with the moving papers and upon 33 USCS 902(3) which as boat tankerman are "members of a crew" and therefore ineligible for benefits under the LHWCA. Kirby's shore tankerman are not members of a crew. If one was to take plaintiff's argument to the logical conclusion, i.e. that because Mr. Poole is a seaman under *Chandris* because he "furthered the mission of the vessel" by his loading and unloading a barge, it would turn the LHWCA on its head. Such an extreme position would necessarily mean

that all longshoremen whose job it is to load and unload any type of cargo vessel would further the "mission of the vessel" (which is to transport cargo) and therefore make all longshoremen seamen as long as they work more than 30% of the time on vessels. This analysis which is the logical conclusion of plaintiff's argument is absurd.

This case clearly falls within the ambit of the United States Supreme Court decision in *P.C. Pfeiffer Co., Inc. v. Ford*, 444 U.S. 69 (1979). The *Pfeiffer* Court held that there is a two part status and situs test for longshoremen under the LHWCA and those that are involved in loading and unloading vessels are by definition longshoremen. *Id.* at 738-739. The Fifth Circuit in *Bienvenu* discussed the history of the LHWCA and subsequent court rulings. *Bienvenu v. Texaco, Inc.*, 164 F.3d 901 (5th Cir. 1999). In so doing, the Court held that a worker injured in the course of employment on navigable waters is engaged in maritime employment and meets the status test where "his presence on the water at the time of injury was neither transient nor fortuitous. The presence, however, of a worker injured on the water and who performs a 'not insubstantial' amount of his work on navigable waters is neither transient nor fortuitous." *Id.* at 908.

There is no doubt that Mr. Poole spent a substantial amount of his work on navigable water and that this time was neither transient nor fortuitous. His status based upon his work of loading and unloading barges is undoubtedly that of a longshoreman. (See, *P.C. Pfeiffer Co., supra* at 83-84; *see also Chauvin v. Sanford Offshore Salvage*, 868 F.2d 735, 738-739 (5th Cir. 1989)). Furthermore, the situs was on a docked barge on navigable water. He was therefore a longshoreman, and not a Jones Act seaman. This is the same analysis performed by the Fifth Circuit in *Chauvin v. Sanford Offshore Salvage*, 868 F.2d 735, 738-739 (5th Cir. 1989)(holding that those workers who perform work as identified by the LHWCA are explicitly covered by the

4

LHWCA if they meet the Act's situs requirement and are therefore ineligible for benefits under the Jones Act). The *Chauvin* Court specifically found that because the worker's duties were to load and unload that he fell within the ambit of the LHWCA. *Id.* at 739.

Even if this Court is inclined to follow the analysis for a Jones Act seaman given the above analysis, Plaintiff has still failed to provide any evidence to demonstrate that he was a seaman. In opposition to the motion, Plaintiff picked a select few facts in a desperate attempt to demonstrate that he was a seaman. He ignored the factual analysis of the cases cited by Defendants wherein the facts of this case (such as not sleeping on a vessel) were found to be relevant by other courts when performing a Jones Act analysis[1]. What Plaintiff ignored is that law which requires that the Court look at the "totality of the circumstances."[2] *Chandris, Inc. v. Latsis*, 515 U.S. 347, 370-371 (1995); see also *Richard v. Mike Hooks, Inc.*, 799 So.2d 462, 466 (La. 2001). Defendants here do not belabor this issue again, but if this Court is inclined to follow a Jones Act analysis, they refer the Court to their moving papers to demonstrate that without a doubt the totality of circumstances clearly indicate that Mr. Poole was not a Jones Act seaman.

---

[1] Plaintiff also argues that he was "assigned to a fleet of commonly owned vessels." (Plaintiff's opposition at pg. 9). However, at deposition Mr. Poole testified that until he was paged to work that he did not know where he would be working on any given day. (See Poole Depo. at pgs. 26-27, lns. 21-1, pgs. 28-30, lns. 15-23). See also, Exhibits 4 and 5 attached to Plaintiff's Opposition which clearly indicate that Mr. Poole almost never worked on the same barge more than once. Poole also never was assigned to the "barge", but was instead assigned to the job, as he would have no connection with that barge before or after his job was complete.

[2] Plaintiff heavily relies upon the *In re: Endeavor* case for the proposition that as long as a worker is performing work in the service of a vessel that he is a Jones Act seaman. (Plaintiff's opposition at pg. 12). That is neither the law nor the holding of the *In re: Endeavor* case. The Fifth Circuit in its opinion did not undertake any kind of totality of circumstances analysis as required by *Chandris*. *In Re: Endeavor*, 234 F.3d 287 (2000). The Court only looked at one element of *Chandris* which was whether the employee had an "employment-related connection" to the vessel that was substantial in terms of its nature." *Id.* at 291. Furthermore, in the case, the employee's work "brought him aboard the barge after it was moored, "or in the process of mooring." *Id.* at 291. It was while he was on board during the mooring process that the plaintiff was injured in the In re Endavor case. *Id.* at 298. Mr. Poole was never on a vessel as it was being moored, but was always on a secured vessel which did not therefore expose him to the "perils of the sea." The Louisiana Supreme Court clearly indicated that the *In re Endeavor* court determined that "going to sea" is only helpful in determining whether an individual has the requisite connection to a vessel and that the phrase is not "a new and specific test for seaman status," but a "shorthand" way of saying that "the employee's connection to the vessel regularly exposes him to the perils of the sea. *Richard v. Mike Hooks, Inc.*, 799 So.2d 462, 467 at n.2. For a further analysis of the Court's opinion in *Richard v. Mike Hooks, Inc.*, please see Defendants' Motion for Summary Judgment.

## III.
## CONCLUSION

In conclusion, Mr. Poole meets the definition of a longshoreman or longshore worker under the LHWCA. Both his status as someone whose job was to load and unload cargo from vessels onto the shore and the situs of the incident on navigable waters meet the status and situs test for Mr. Poole to be a longshoreman. Since Mr. Poole classifies as someone eligible under the LHWCA he does not qualify for benefits as a Jones Act seaman. Accordingly Defendants respectfully request that this Court grant their motion for summary judgment regarding the inapplicability of the Jones Act to Mr. Poole.

Respectfully Submitted,

STEPP & SULLIVAN, P.C.

Dennis J. Sullivan
State Bar No. 19473750
Federal Bar No. 15100
Jad J. Stepp
State Bar No. 19169100
Federal Bar No. 5856
1010 Lamar Street, Suite 810
Houston, Texas 77002
Telephone: (713) 336-7200
Facsimile: (713) 336-7250

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am a member of Stepp & Sullivan, P.C., and that a true and correct copy of *Defendants' Reply to Plaintiff's Opposition to Defendant's Motion for Summary Judgment* was served on counsel of record as noted below on this, the 26th day of June 2006.

*Via E-mail bristolbaxley@sbcglobal.net*
*And Via Facsimile: (281) 993-0035*
Mr. Bristol Baxley
ROME, ARATA & BAXLEY, L.L.C.
1506 E. Broadway, Suite 103
Pearland, Texas 77581

*Via E-mail frank@spaglaw.com*
*And Via Facsimile: (713) 653-5656*
Mr. Francis I. Spagnoletti
Mr. Michael Hogue
SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002

_____
DENNIS J. SULLIVAN

7