IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES POOLE | § | CIVIL ACTION NO. G-05-651 |
| | § | |
| VS. | § | |
| | § | Pursuant to Rule 9(h) of |
| KIRBY INLAND MARINE, LP and | § | the Federal Rules of |
| KIRBY CORPORATION | § | Civil Procedure - ADMIRALTY |

**PLAINTIFF TIMOTHY POOLE'S REJOINDER TO KIRBY DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW TIMOTHY JAMES POOLE, Plaintiff herein and, for his Rejoinder to the Reply to Plaintiff's Opposition to the Motion for Summary Judgment filed by Defendants, KIRBY INLAND MARINE, LP and KIRBY CORPORATION ("Kirby"), would show as follows:

I.

As previously shown, Kirby's Motion for Summary Judgment must be denied because Poole is a Jones Act seaman.

Mr. Poole files this Rejoinder because Kirby's Reply makes an argument that is different from those asserted in its Motion – namely, that Mr. Poole cannot be a seaman because he "qualifies for benefits under the LHWCA" or is "eligible under the LHWCA" (Longshore and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901-933). Reply at pp 2, 6. Poole files this Rejoinder in hopes of promoting judicial economy.

## II.

Kirby's Reply confuses the principle that a person should not simultaneously recover benefits under both the Jones Act and LHWCA (which is basically true) with the unfounded notion that if a defendant can portray a claimant as eligible for benefits under a compensation act, the claimant cannot be a seaman. This is backwards.  The legal test for seaman's status is not whether a person is outside the LHWCA; instead, it contains two elements: (1) the worker's duties must contribute to the function of a vessel or to the accomplishment of its mission, and (2) the worker must have a connection to a vessel in navigation (or identifiable fleet of vessels) that is substantial in terms of both its duration and its nature.  *Chandris, Inc. v. Latsis,* 515 U.S. 347, 376 (1995). To be a seaman, the plaintiff, in the course of his duties, must contribute to the function of a vessel. *Id.*

## III.

The LHWCA is not a vehicle that a defendant may invoke to block a claimant's right to seaman's remedies;  rather, if a worker fails the *Chandris* test and is not a seaman, he/she may possibly be covered by the LHWCA or, possibly, state workers' compensation law, provided those acts' requirements are met.  Kirby's flawed argument about the LHWCA has the same logic as the flawed notion that if a worker is eligible for state workers' compensation, he/she can never be a seaman.

The cases cited by Kirby do not support its argument.  In *P.C. Pfeiffer Co., Inc. v. Ford*, 444 U.S. 69 (1979), the issue was simply whether two dock workers in Beaumont and Galveston were covered by the1972 amendments to the LHWCA or whether their remedies were provided by state workers' compensation. The *Pfeiffer* case discusses the

scope of the 1972 amendments and never addresses the issue of whether the two workers were or could be seamen. The same is true with *Bienvenu v. Texaco, Inc.*, 164 F.3d 901 (5th Cir. 1999), in which the appeals court reversed an Administrative Law Judge's (ALJ) decision that the claimant was not covered by the LHWCA. Bienvenu claimed benefits under the LHWCA, but the ALJ determined the LHWCA did not apply since he was not engaged in maritime employment. The ALJ reasoned that Bienvenu was not a maritime employee because he spent the vast majority of his working hours on fixed platforms and was only fortuitously on navigable waters when injured. The Fifth Circuit found that Bienvenu's work on production equipment aboard a vessel was sufficient amount of work time on navigable waters to trigger LHWCA coverage. Once again, seaman's status was not the issue –LHWCA coverage was.

The case of *Chauvin v. Sanford Offshore Salvage, Inc.*, 868 F.2d 735, 739 (5th Cir. 1989), also cited by Kirby, turns on the fact that the claimant spent most of his time performing vessel repairs on shore. Hence, Mr. Chauvin was found not to be a seaman, but rather a longshoreman. The Fifth Circuit affirmed, finding:

> Because Chauvin was promoting the loading and unloading of cargo, the court concluded that his activities fell within the ambit of the LHWCA. Although the district court looked primarily to Chauvin's activities at the time of injury in order to determine his relevant occupation, it also addressed Chauvin's general work activities. The district court realized that, "if we were to utilize the test of Chauvin's activity against his general employment background, he would fall within one of the LHWCA enumerated occupations." Record Vol. 4 at 464. **For the two months preceding the accident, only two days were spent engaged in seaman's work; the remaining days were spent on shore conducting vessel repairs. These repairs are an occupation covered by the LHWCA. 33 U.S.C. § 902(3). Chauvin's activities at the time of his injury**

> **as well as his general employment require him to be classified as a longshoreman within the meaning of the LHWCA**.

*Chauvin*, 868 F.2d at 739 (emphasis added). The *Chauvin* decision fully supports Mr. Poole's position because *Chauvin* failed the seaman test –specifically, he spent most of his time on shore conducting vessel repairs. *Id.*; 33 U.S.C. § 902(3).

## IV.

Finally, Kirby's Reply cites the "totality of the circumstances" phrase (p. 5 and fn. 1), arguing that Mr. Poole cannot be a seaman if one considers the "totality of the circumstances." As noted in Plaintiff's Response, Kirby recites selected factors used in other cases (such as sleeping on a vessel or adjusting lines), yet there is no exhaustive list of all circumstances. The controlling legal point is that Mr. Poole is a seaman because: (1) he is assigned to a fleet of commonly owned Kirby barges[1]; (2) he spends more than 75% of his work time on said barges; and (3) he performs seaman's work because he is a licensed tankerman and his work loading and unloading barges contributes to these vessels' mission of carrying cargo. *Chandris, Inc. v. Latsis,* 515 U.S. 347, 376 (1995).

## V. Conclusion

Poole is a Jones Act seaman. He was assigned to a fleet of commonly owned Kirby barges and had a connection to them that was substantial in terms of duration and function. Kirby has not proven any entitlement to summary judgment under Rule 56 and the Motion for Summary Judgment must be denied.

---

[1] Footnote 1 of Kirby's Reply suggests that Mr. Poole was supposedly not assigned to a commonly owned fleet of vessels but the "evidence" Kirby cites for this false assertion is non-responsive. Even if Mr. Poole did not know the identity of the barges to which he was sent until the time he was dispatched (as asserted in fn. 1), this has nothing to do with the common ownership of the barges.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, TIMOTHY JAMES POOLE, prays that the Kirby Defendants' Motion for Summary Judgment be denied and prays for all such other and further relief, at law and in equity, to which he may be justly entitled.

        Respectfully submitted,

        /s/ Francis I. Spagnoletti
        _____
        Francis I. Spagnoletti
        State Bar No. 18869600
        1600 Smith, 45th Floor
        Houston, Texas 77002
        Telephone:  713-653-5600
        Facsimile:   713-653-5656

**OF COUNSEL**:

SPAGNOLETTI & CO.
1600 Smith, 45th Floor
Houston, Texas 77002
Telephone:  713-653-5600
Facsimile:   713-653-5656

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing was on this date automatically accomplished on all known Filing Users through the Notice of Electronic Filing. Service on any party or counsel who is not a Filing User was accomplished via Email, Facsimile, Certified Mail/RRR or U.S. First Class Mail, in accordance with the Federal Rules of Civil Procedure on this 22nd day of June, 2006.

        /s/ Francis I. Spagnoletti
        _____
        Francis I. Spagnoletti