IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| TIMOTHY JAMES POOLE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-651 |
| | § | |
| KIRBY INLAND MARINE, LP and | § | |
| KIRBY CORPORATION, | § | |
| | § | |
| Defendants. | § | |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This case arises out of injuries sustained by Plaintiff Timothy James Poole ("Plaintiff") while employed as a tankerman by Kirby Logistics Management ("KLM"). Now before the Court is Defendant Kirby Inland Marine, LP and Kirby Corporation's (collectively "Defendants") Motion for Summary Judgment. For the following reasons, Defendants' Motion is **GRANTED**.[1]

**I. Background**

In October 2004, Plaintiff commenced work with KLM as a tankerman. Plaintiff is a U.S. Coast Guard licensed tankerman. KLM is a division of Kirby Inland Marine, LP. Plaintiff alleges that on July 27, 2005, he slipped and fell on a catwalk on a docked barge, the KIRBY 11003, thereby injuring his wrist. Plaintiff claims that his injuries were caused by Defendants' Jones Act negligence and the unseaworthiness of the KIRBY 11003.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

Defendants now move for summary judgment on Plaintiff's Jones Act, unseaworthiness, and maintenance and cure claims on the ground that Plaintiff is not a Jones Act seaman, but instead, is a longshoreman. Kirby claims that Plaintiff was placed in the shoreside division of the company, that he was never assigned to a particular boat, and that he worked on Kirby barges that were brought into the dock. Plaintiff was never a crew member of any boat. Defendants claim that they do not deny that some tankermen can be seaman, only that Plaintiff is not one of those tankermen.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e). *See also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). The court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). When the issue is seaman status, summary judgment is inappropriate unless "the facts and the law will reasonably support only one conclusion." *McDermott Int'l v. Wilander*, 498 U.S. 337, 356, 111 S. Ct. 807, 818, 112 L. Ed. 2d 866 (1991).

**III. Seaman Status Under the Jones Act**

The Jones Act provides a federal right of action for damages to seamen injured in the course of their employment. *See* 46 U.S.C. App. § 688. The Supreme Court has identified "two basic elements" of seaman status: (1) "the worker's duties must contribute to the function of the vessel or to the accomplishment of its mission," and (2) "the worker must have a connection to a vessel in navigation (or an identifiable fleet of vessels) that is substantial in terms of both its duration and its nature." *Chandris, Inc. v. Latsis*, 515 U.S. 347, 376, 115 S. Ct. 2172, 2194, 132 L. Ed. 2d 314 (1995). Furthermore, it must be emphasized that the Jones Act remedy is reserved for those maritime employees whose work "regularly exposes them to 'the special hazards and disadvantages to which they who go down to sea in ships are subject.'" *Id.* at 370 (citing *Seas Shipping Co. v. Sieracki*, 328 U.S. 85, 104 (1946)). *See also Harbor Tug and Barge Co. v. Papai*, 520 U.S. 548, 560 (1997) ("perils of the sea").

Here, Plaintiff attempts to show that technically, he meets the requirements of seaman status: (1) by loading and unloading cargo he contributes to the function of a vessel, and (2) he spends well over 30% of his time working on an identifiable fleet of barge—all the barges owned by Defendants. *See Chandris*, 515 U.S. at 371, 115 S. Ct. at 2191; *Barrett v. Chevron USA, Inc.*, 781 F.2d 1067, 1076 (5th Cir. 1986). Although the Court acknowledges that this is correct, it must still conclude that Plaintiff is a longshoreman rather than a Jones Act seaman.

The nature of Plaintiff's connection with Defendants' barges was as a shoreside maritime worker, not a seaman. He worked as a shore-based tankerman on various docked barges owned by Defendants. As a tankerman, he transferred liquid materials and cargo to and from the various barges. He was never a crew member of a boat, and he never worked on a barge while it was

underway or at sea. He worked shift work, was paid hourly, and received overtime. Plaintiff performed traditional longshoreman's duties, and not those of a seaman. He did not contribute to the function or navigation of the barges he worked on in the manner contemplated by the Jones Act or the Supreme Court's decision in *Chandris*. Plaintiff has failed to show that he was regularly exposed to the "perils of the sea." *Chandris*, 515 U.S. at 368. Instead, his entire work history with Defendants demonstrates that he was a longshoreman. *See Thibodeaux v. Torch, Inc.*, 858 F.2d 1048, 1051 (5th Cir. 1988).

In theory, all longshoremen could be transformed into Jones Act seamen, and this would be the result of Plaintiff's argument, taken to its logical conclusion. However, this position is not supported by federal statute or by case law. In *Chauvin v. Stanford Offshore Salvage, Inc.*, 868 F.2d 735 (5th Cir. 1989), the Fifth Circuit found that those workmen engaged in the occupations enumerated and covered in the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.*, are ineligible for consideration as seamen or members of a crew entitled to Jones Act benefits. *See id.* at 738–39 (5th Cir. 1989). As demonstrated below, Plaintiff meets the requirements of LHWCA coverage, and is a longshoreman.

**IV. Coverage Under the LHWCA**

To qualify for coverage under the LHWCA, "a worker must satisfy both a [geographic] situs and [an occupational] status test." *Munguia v. Chevron U.S.A. Inc.*, 999 F.2d 808, 810 (5th Cir. 1993). The situs requirement is satisfied when the injury occurs "upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, dismantling, or building a vessel)." 33 U.S.C. § 903(a). The occupational status test is found in §

902(3), which defines eligible employees as those "engaged in maritime employment." 33 U.S.C. §902(3). An "employer" is defined as anyone whose "employees are employed in maritime employment, in whole or in part, upon the navigable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)." 33 U.S.C. § 902(4). However, § 902(3)(G) explicitly excludes the master or member of a crew of any vessel. Generally speaking, maritime employment refers to "work that contributes to the movement of cargo on navigable waters," or one of the five occupations listed in § 903(a). ARTHUR J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW §7-2 (4th ed. 2004).

At this juncture, it is apparent to the Court that Plaintiff is a longshoreman, covered by the LHWCA. Plaintiff meets both the situs test and the occupational status test: he was injured on a vessel on navigable waters, and as a tankerman, his primary job is to load and unload cargo and liquids from the barges he services. As such, Plaintiff is hereby **GRANTED** leave to amend his Complaint within 20 days from the date of this Order to allege causes of action under the LHWCA.

## IV. Conclusion

Defendants have shown that Plaintiff is not a Jones Act seaman, but is in fact, a longshoreman covered by the LHWCA. Therefore, Defendants' Motion for Summary Judgment is hereby **GRANTED**, and Plaintiff's Jones Act claim, unseaworthiness claim, and claim for maintenance and cure are hereby **DISMISSED WITH PREJUDICE**. Plaintiff is **GRANTED** leave to amend his Complaint within 20 days from the date of this Order. Additionally, given the relative close proximity of trial, both Parties' Counsel are hereby **ORDERED** to appear at Docket Call, set for August 1, 2006, at 9:00 a.m., where the Parties may move for a continuance of trial in

light of the changed circumstances produced by this Order. At that time, the Court will give thoughtful consideration to such a motion and determine how best to proceed.

Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date. A Final Judgment as to this and all other claims will be issued in due course.

**IT IS SO ORDERED.**

**DONE** this 21st day of July, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge